## SUPREME COURT.

### WHITTEMORE agt. SLOAT AND ANOTHER.

Where plaintiff alleged that she was tenant in dower, and had possession of the premises allotted to her, as her *estate* in dower; and also in effect alleged that a yearly rent or *charge* of $400, a fixed sum, was set off to her, and made a specific *lien* upon the premises; in an action for the rent and lease of the premises.

*Held*, that her interest must be considered as a *lien* on, and not an estate in the premises.

*Dower* as an *estate* of the widow implies possession *in* her; a *rent charge*, on the contrary, possession *out* of her.

*New-York Special Term, April*, 1854. The complaint in this action alleged that the plaintiff was the widow of Samuel Whittemore, late of the city of New-York, deceased; that said Samuel died on the 22d June, 1835, seized and possessed of a large real and personal estate leaving said plaintiff, his widow,

and ten children, (naming them,) that subsequently to his death a suit in partition in the court of chancery was commenced by Wm. T. Whittemore and others against plaintiff and others, for a partition of said estate. Subsequently a decree was made, and commissioners in partition appointed for the purpose of dividing said estate; and it was, among other things, ordered that said commissioners should admeasure and lay off to said plaintiff, as widow aforesaid, some part or portion of each and every one-tenth part, which part should be capable of yielding an annual income of at least $400 per annum at an ordinary letting or renting thereof, provided said commissioners should be satisfied said $400 did not exceed one-third part of the nett annual value of one-tenth part. And it was further ordered that the said several heirs at law should at all times thereafter, during the continuance of said estate as dower of the said widow, each for himself or herself, (and not one for the other,) pay and defray all the expenses, taxes, and assessments accruing for repairs, or charged, or imposed upon the part or portion of the said one-tenth part respectively, so that the said widow might hold the said one-third part respectively during her natural life, and the income to be received therefrom to the extent of $400 per annum on each of said one-third part of said one-tenth part at the ordinary rates of letting the same, without charge thereupon or any diminution thereof; and so that in ordinary times the said widow might be secure of a clear income of $400 per annum from each of the said one-third part of the said one-tenth part respectively.

And it was further ordered, that in case the income so to be derived by said widow from said one-third part of said one-tenth part respectively, or any or either of them during the continuance of the said estate in dower, should at any time exceed the clear sum of $400 per annum, that then, and in such case, the said widow should pay over to the said parties respectively, &c., or their personal representatives or assigns, the amount of such excess annually, or as soon as the same should be received by the said widow.

And the said plaintiff averred that in pursuance of said de-

cretal order, the said commissioners did accordingly make partition of the said estate among the parties to the said suit in partition, and did divide the said estate into ten parts, and allot to each of the said heirs one-tenth part thereof; and in pursuance of said order did admeasure to said plaintiff, as said widow, a part and portion of each of the said tenth parts, so allotted as a security for the dower of the said plaintiff. And said plaintiff averred that in making said partition, said commissioners did allot and set off to James Bayard Whittemore, one of said heirs, and the said plaintiff, certain real estate, as being one of the tenth parts of said estate, and that they did in particular set off and allot to said James B. Whittemore as, and for the share of his said estate, being one of the tenth parts above mentioned, a certain lot of land situated on the southerly side of Barrow-street, extending to Fourth-street in said city of New-York; and that said commissioners did also set off and allot to said James B. Whittemore a certain lot on the southerly side of the Sixth Avenue in said city, distant above forty-five feet six inches from the corner of the Sixth Avenue and Eighth-street.

And the plaintiff further averred, that after making said partition, and before making any set-off as allotment to the said James B. Whittemore, said commissioners did admeasure and set off to said plaintiff as a security for her said dower from the said tenth part so allotted to the said James B. Whittemore all that piece of land above mentioned situated on the southerly side of Barrow-street extending to Fourth-street, aforesaid, with the buildings thereon; and which said property said plaintiff averred after the same was so admeasured, set-off, and assigned to her as aforesaid, she entered into possession thereof, and continued in possession thereof, receiving the rents and profits thereof as, and for her dower, under the said decretal order, and the said partition, allotment, and admeasurement of dower so made in pursuance thereof.

And plaintiff further averred, that subsequent to such allotment, and while she was in possession of said premises as, and for her dower, and dower house, receiving the rents thereof,

and exercising every act of ownership therein of which said premises were capable, the said James B. Whittemore applied to her and requested her to release to him the said premises on Barrow-street, and offered as a consideration for such release, to convey to the said plaintiff other property of him, the said James B. Whittemore, as security for said dower. And the plaintiff said that upon such application she consented to release said property in Barrow-street to said James B. Whittemore, on the conditions, that he should convey to her other real estate which should have an equal annual value with said property to be released, and should be conveyed to said plaintiff, subject to the same conditions, and under the same liabilities as the said property in Barrow-street. That upon such understanding and promise on the part of said James B. Whitte more, said plaintiff did release to him said property in Barrow-street in consideration thereof, and as an equivalent therefor, as security for the plaintiff's dower, the said James B. Whittemore did on the 25th March, 1847, lease, and set over to said plaintiff, all that lot, piece, or parcel of land situate on the east side of the Sixth Avenue between Eighth-street and Waverly-place, in the fifteenth ward of said city of New-York, and known and distinguished on a map entitled map No. 3 of property belonging to the estate of Samuel Whittemore, deceased, in the ninth ward of said city, dated Jan. 26th, 1837, signed, Gardiner A. Sage, city surveyor, &c. Westerly in front by the Sixth Avenue, 22 feet and 9 inches. Easterly in the rear by land of Wm. Beach Lawrence, 22 feet and 9 inches. Northerly on one side by lot No. 2, on said map, 80 feet, and southerly on the other side by lot No. 4, on said map, 80 feet, together with the buildings and improvements thereon. To have and to hold the same for and during the term of her natural life, upon the same conditions as she held the premises discharged by her.

The plaintiff further averred, that she took possession of said last mentioned premises during the lifetime of said James B. Whittemore, and continued in possession of said premises ever since; and she averred that since the death of said James B.

Whittemore agt. Sloat and another.

Whittemore, John D. Sloat, the defendant, claimed to be the owner of the said last mentioned premises, against the will and without the consent of the plaintiff, and had collected the rents thereof, and had withheld portions of the moneys received by him as the rent of said premises from the tenant thereof, from said plaintiff.

And plaintiff further averred, that the defendant, Joseph M. Stout, was then, and had been, in possession of the premises since the 1st day of May, 1852, as, and claiming to be, the tenant and holder of said premises under some lease or agreement made and executed by him and the said John D. Sloat, and which was then in possession of said Sloat; and averred that said Stout was indebted to her for the use and occupation of said premises for one quarter, in the sum of $162.50, and that the said Stout had acknowledged himself to be indebted in said sum for the rent of said premises; but that said Sloat, as the plaintiff had been informed and believed, had threatened said Stout to commence an action against him in case he should pay said rent so due to said plaintiff, that said Stout although requested by said plaintiff, had refused, and still did refuse, to pay said rent or any part thereof; that she was informed and believed said premises were insured by said Sloat for the sum of $2500, with a condition in the policy that in case of loss, the insurance money should be paid to said plaintiff; that before the expiration of said policy, said Sloat cancelled it and took out another, conditioned to pay the insurance, in case of loss, to him.

The plaintiff prayed judgment that said Sloat assign said lease and policy of insurance to said plaintiff; and an injunction restraining said Sloat from collecting or attempting to collect the rent of said premises from any person, and from exercising any acts of ownership over said premises; and for judgment against said Stout for $162.50, and interest.

The answer was put in by defendant, John D. Sloat, only, and admitted the death of Samuel Whittemore; that he was seized and possessed of real and personal estate, leaving the plaintiff his widow, and ten children, whose names were cor-

rectly stated in the complaint. Admitted the suit in partition, but denied on information and belief that the decree directed the commissioners to admeasure ·and lay off to the plaintiff, as widow, some part or portion of each and every one-tenth part, which part would be capable of yielding an annual income of at least $400, &c., as stated in the complaint; but admitted that the commissioners made partition of said estate into ten parts, and did admeasure to the said widow some part or portion of each of said tenth parts as security for the dower of said plaintiff. Admitted the allotment of the premises to James Bayard Whittemore, one of the heirs, as stated in the complaint; but alleged that the said piece or parcel of land in Barrow-street was allotted and assigned to said James B. Whittemore, subject to the dower right or interest of said plaintiff to the extent of $400, and that it was ordered that the same should be vested in said James B. Whittemore, to be held and enjoyed by him, his heirs, and assigns forever, subject to said dower right of $400 per annum. Denied that plaintiff was in possession of said premises receiving the rents as and for her dower. Alleged that the premises in Sixth Avenue were vested in James B. Whittemore free and clear of all incumbrances and of the dower right of plaintiff. Admitted that plaintiff released the premises in Barrow-street to said James B. Whittemore; but alleged that the instrument in writing executed by said James·B. Whittemore to plaintiff in consideration of such release was not a lease, but a mortgage or rent charge on said premises in Sixth Avenue to secure the payment of $400 per annum to said plaintiff. Denied that plaintiff ever had possession of said last mentioned premises; but that they were rented and leased by said James Bayard Whittemore with the knowledge and acquiescence of plaintiff.

Alleged that defendant, Sloat, was the owner of said premises in Sixth Avenue, and derived title through the foreclosure of a mortgage upon said premises executed by said James B. ·Whittemore and wife to defendant; that said premises were sold at public auction Sept. 15th, 1851, subject only to the claim of $400 per annum by the plaintiff; that defendant went

immediately into possession, and thereafter and until about the time of the commencement of this suit received the rents and profits, and paid the taxes and assessments on said premises, and exercised acts of ownership therein, with the knowledge and assent of the plaintiff and her agent, Charles T. Whittemore.

Alleged that the execution of the lease of said premises to the defendant Stout, by defendant Sloat, was well known to plaintiff and her said agent, who acquiesced therein; that the rent ($650 per annum) had been regularly paid by Stout to defendant Sloat until the 1st Aug. 1853, when plaintiff and her agent gave notice to said Stout not to pay the same to defendant; that the rent from that time remained unpaid.

Admitted that the premises were insured as stated in the complaint; and alleged that the amount secured to plaintiff by the instrument executed to her by said James B. Whittemore had been regularly paid to her or her agent, and receipts given by them, until Aug. 1, 1853; that defendant had tendered to plaintiff's agent $100, all that was due plaintiff.

The instrument executed by James B. Whittemore to plaintiff, a copy of which was annexed to the complaint, recited that " in and by certain proceedings in the court of chancery for the partition of the estate of Samuel Whittemore, deceased, among his heirs a yearly rent or charge of $400 was set off as dower to Jane H. Whittemore, widow of the said Samuel Whittemore, deceased, and the same made a specific lien upon the house and lot of land in the ninth ward of the city of New-York, on the southerly side of Barrow-street, as mentioned in said proceedings, and whereas also, the said Jane H. Whittemore has for my benefit and behoof released and discharged the said premises from the said lien and agreed to receive in lieu thereof as security for the said rent charge, the premises hereinafter mentioned.

Now know ye that I, James B. Whittemore, of the city of New-York, merchant, for and in consideration of the premises and also of one dollar to me in hand paid, do hereby demise, lease, and set over to the said Jane H. Whittemore and to her

assigns, all that certain lot, piece or parcel of land, (describing the lot in the Sixth Avenue,) together with the buildings and improvements thereon, to have and to hold the same for, and during the term of her natural life, upon the same conditions as she held the premises mentioned as released and discharged by her."

> THOS. W. TUCKER, *for Plaintiff.*
> JOHN McKEON, *for Defendant Sloat.*

ROOSEVELT, Justice.—The court in this case is called upon, and it is no uncommon occurrence, to determine the meaning of parties who, it is apparent, had no definite meaning themselves; in other words, to find out by judicial exploration that which in reality never had any actual existence.

The plaintiff on the one hand claims that she was tenant in dower, and had possession of the premises allotted to her, as her *"estate* in dower."

On the other hand, she alleges—for that clearly is the effect of the instrument annexed to her complaint—that a yearly rent or *charge* of $400, a fixed sum, was set off to her, and made a specific *lien* upon the premises.

Dower, as an *estate* of the widow, implies possession *in* her; a rent charge, on the contrary, possession out of her. In the latter case, she would be the receiver of rent, in the former, herself the occupant. Two such contradictory attitudes—whatever efforts may be made to reconcile them—are inconsistent with each other. The plaintiff herself—seemingly sensible of the difficulty—has made her election between them. She allowed her son, which could not have been done if he were merely a reversioner after her death, to make leases in his own name, assigning them to her " as security." She subsequently, also, further ratified the possession of her son, or rather of Cornelius Sloat, her son's representative—by accepting from him $100, and giving for it a written receipt, as for " one quarter's dower rent of house No. 90 Sixth Avenue, to August 1st, 1852."

It is a well settled rule—and a wise one—that where the

language of an instrument is dubious, the acts of the parties may be resorted to, especially their cotemporaneous acts, to ascertain their meaning. Applying this rule, we must consider the plaintiff's interest as a lien on, and not an estate in, the premises. And as the remedy by distress for all kinds of rent is abolished, a rent charge becomes, in effect, a mere annuity, secured, (without a bond,) like any other mortgage, payable by instalments, and with the right, in default of payment, to take possession of the mortgaged premises.

As the heir stipulated to be at the expense of repairs, he is also bound to insure, and to assign the policy as security; or the widow may do it herself, and charge the premium as part of the instalment to be paid.

A decree should therefore be entered—which the counsel will draw and submit for that purpose—declaring the rights of the widow as above explained, and directing an assignment to her of the insurance, and further providing that in case any instalment of her annuity shall at any time be in arrear and unpaid, for the space of thirty days, she shall be let into the possession and receipt of the rents and profits of the premises, paying herself thereout, and rendering the surplus, after the satisfaction of taxes, assessments, insurance, and repairs, to the defendant, John D. Sloat, or his representatives, or assigns.

No costs allowed to either party as against the other.